UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

STRIKE 3 HOLDINGS, LLC,

Plaintiff,

v.

JOHN DOE subscriber assigned IP address 69.207.36.60,

Defendant.

**DECISION AND ORDER**

1:26-CV-00128 EAW

## INTRODUCTION

Plaintiff Strike 3 Holdings, LLC ("Plaintiff") commenced this action on January 21, 2026, alleging that Defendant downloaded and distributed Plaintiff's motion pictures in violation of the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 *et seq*. (Dkt. 1). The Court granted Plaintiff's motion for discovery and motion for extension of time to serve on May 21, 2026. (Dkt. 8). On June 30, 2026, Defendant filed a motion to quash. (Dkt. 9). Plaintiff filed a response on July 7, 2026. (Dkt. 11). Also before the Court is Plaintiff's motion to extend the time for which it has to serve Defendant. (Dkt. 12). For the following reasons, Defendant's motion to quash is denied, and Plaintiff's motion to extend the time to serve is granted.

**DISCUSSION**

**I. Motion to Quash**

Rule 45 provides that a court "must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies" or that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv). "[T]he burden of persuasion in a motion to quash a subpoena . . . is borne by the movant." *Sea Tow Int'l, Inc. v. Pontin*, 246 F.R.D. 421, 424 (E.D.N.Y. 2007) (citation modified); *see also In re DMCA Subpoena to Cloudflare, Inc.,* No. 25-MC-555 (KMK), 2026 WL 2110881, at *2 (S.D.N.Y. July 21, 2026) ("The determination of whether a subpoena subjects a witness to undue burden is committed to the sound discretion of the trial court." (quoting *Fecteau v. City of Mount Vernon,* No. 23-CV-9173, 2025 WL 2391410, at *1 (S.D.N.Y. Aug. 15, 2025))). Factors that should be considered when determining whether to grant a motion to quash based on a qualified privilege protecting anonymity include:

> (1) the concreteness of the plaintiff's showing of a prima facie claim of actionable harm, (2) the specificity of the discovery request, (3) the absence of alternative means to obtain the subpoenaed information, (4) the need for the subpoenaed information to advance the claim, and (5) the objecting party's expectation of privacy.

*Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010) (citation modified). Ultimately, decisions about the reasonableness and burden of a subpoena are left to the sound discretion of the court. *See Malibu Media, LLC v. Doe*, No. 14-CV-4808 (JS)(SIL), 2016 WL 4574677, at *2 (E.D.N.Y. Sept. 1, 2016).

Defendant moves to quash the third-party subpoena directed to Defendant's Internet Service Provider ("ISP") pursuant to the Court's May 21, 2026 Decision and Order.

Specifically, Defendant seeks to quash the subpoena served on Charter Communications or alternatively to issue a protective order that stays disclosure of Defendant's identifying information pending resolution of the motion. (Dkt. 9). Defendant points to the right to privacy and potential damage to reputational harm from possibly identifying the wrong individual. In response, Plaintiff contends that Defendant's concerns about privacy, consent, and potential harm are not grounds to quash the subpoena. (Dkt. 11 at 1-2). The Court agrees with Plaintiff. *See Arista Recs., LLC*, 604 F.3d at 124 ("Doe 3's expectation of privacy for sharing copyrighted music through an online file-sharing network [i]s simply insufficient to permit him to avoid having to defend against a claim of copyright infringement."); *Strike 3 Holdings, LLC v. Doe*, No. 24-CV-8835 (MMH), 2026 WL 873312, at *3 (E.D.N.Y. Mar. 31, 2026) (denying motion to quash and noting that "the merits of a party's case are not relevant to the issue of whether that party's subpoena is valid and enforceable." (quoting *Strike 3 Holdings, LLC v. Doe*, No. 21-CV-7014 (VEC), 2022 WL 704022, at *2 (S.D.N.Y. Mar. 8, 2022))); *United States v. M/Y Amadea*, No. 23 CIV. 9304 (DEH), 2024 WL 4471617, at *3 (S.D.N.Y. Oct. 11, 2024) ("Witness 2's speculation about potential future harm that may be committed against him and his family is simply not enough to warrant granting his motion to quash on 'undue hardship' grounds."); *Strike 3 Holdings, LLC v. Doe*, No. GJH-19-396, 2020 WL 917090, at *3 (D. Md. Feb. 25, 2020) ("[C]ourts have consistently held that Internet subscribers do not have a protected privacy interest in their subscriber information—including names, addresses, phone numbers, and e-mail address—which they have already conveyed to their ISPs.").

Any concerns about protecting Defendant's anonymity from the public do not warrant withholding information from Plaintiff and are otherwise adequately addressed by the protective order previously entered in this case. (Dkt. 8 at 5-6).

Consequently, Defendant's motion to quash is denied.

## II. Motion for Extension of Time

Plaintiff has moved for the Court to grant an extension of the time to serve its complaint. (Dkt. 12). Pursuant to Fed. R. Civ. P. 4(m), a plaintiff has 90 days from the date the complaint is filed to serve the defendant with the summons and complaint. "[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Here, Plaintiff seeks an extension of time because Defendant filed the motion to quash. "Plaintiff's inability to identify [Defendant] constitutes 'good cause' under Rule 4(m) for the requested extension." *Rotten Records, Inc. v. Doe*, No. 15-CV-6650-FPG, 2016 WL 9460666, at *2 (W.D.N.Y. Sept. 27, 2016). Therefore, Plaintiff's motion for an extension of time is granted, and service may be effectuated on or before December 4, 2026.

## CONCLUSION

For the foregoing reasons, Defendant's motion to quash (Dkt. 9) is denied, and Plaintiff's motion to extend the time to serve (Dkt. 12) is granted. In accordance with this Decision and Order, service may be effectuated on or before December 4, 2026.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: October 5, 2026
Rochester, New York